**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4628**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CALVERT J. DRUMMOND, JR., a/k/a Jason Tyrelle,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:17-cr-00077-TMC-1)

Submitted:  February 28, 2019                          Decided:  May 10, 2019

Before NIEMEYER, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvert J. Drummond, Jr., pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (2012). The district court sentenced Drummond to 46 months' imprisonment. On appeal, Drummond contends that the district court erred in calculating his Sentencing Guidelines range. The Government counters that any error is harmless because the district court announced an alternate variant sentence. We affirm the district court's judgment.

Rather than evaluating the merits of a defendant's challenge to the calculation of the Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017) (internal quotation marks omitted). The error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012). Here, the first inquiry is met because the "district court . . . expressly stated in a separate and particular explanation that it would have reached the same result." *Gomez-Jimenez*, 750 F.3d at 383.

As to the second inquiry, in determining whether Drummond's sentence is reasonable, "we consider whether the sentencing court acted reasonably both with respect

2

to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

We conclude that Drummond's sentence is reasonable. The district court discussed the § 3553(a) factors, highlighting the circumstances and seriousness of the offense. Additionally, the district court noted that Drummond had not been deterred from committing fraud despite having previously been convicted of a fraud offense, highlighting the short sentence he previously received. While Drummond tried to mitigate his conduct by placing blame on his coconspirators, he offered no more than conjecture to support his argument; moreover, in allocution, he attempted to minimize his conduct instead of taking full responsibility for his actions. Thus, we conclude that any Guidelines error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*